IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CONSOLIDATED ACTION

| | |
|---|---|
| FAITH YVETTE DOVE,<br>    Plaintiff,<br><br>v.<br><br>SHIRLEY ARDOIN JOHNSON,<br>    Defendant. | No. 4:20-CV-154-BO |
| SHIRLEY ARDOIN JOHNSON,<br>*individually and in her capacity as*<br>*Executor of the Estate of Vaughn Monroe*<br>*Johnson,*<br>    Plaintiff,<br><br>v.<br><br>FAITH YVETTE DOVE,<br>    Defendant. | No. 4:20-CV-180-BO |

ORDER

This consolidated action is before the Court on Shirley Johnson's (Johnson) motion for partial summary judgment. Faith Dove (Dove) has responded and a hearing on the matter was held before the undersigned on October 6, 2022, at Raleigh, North Carolina. In this posture, the matter is ripe for ruling. Also pending and ripe for consideration is Johnson's motion to strike. For the reasons that follow, Johnson's motions are denied.

BACKGROUND

On August 12, 2020, Dove initiated an action in this Court against Johnson alleging claims under the Employee Retirement Income Security Act of 1974 (ERISA), as amended. 29 U.S.C. §§ 1001 *et seq.*; No. 4:20-cv-154-BO (E.D.N.C.). Dove seeks to establish her right as a beneficiary

to recover and receive past and future benefits from The Bert Bell/Pete Rozelle NFL Player Retirement Plan. Dove alleges that she and Vaughan M. Johnson (Vaughan), a former player with the National Football League (NFL), were married at the time of his death in 2019 and that Dove is entitled to receive benefits from Vaughan's NFL employee benefit plan. Dove also alleges state law claims for constructive trust, conversion, and unjust enrichment.

Dove alleges that she and Vaughan met in 1980 while they were both students at North Carolina State University. Vaughan went on to play professional football from 1986 to 1993 with the New Orleans Saints and with the Philadelphia Eagles in 1994. Dove alleges that while in college and during Vaughan's time in the NFL they were in a romantic relationship. In 1990, Dove moved to New Orleans and resided with Vaughan. Dove alleges that she and Vaughan were legally married on October 12, 1993, in Kenner, Louisiana in a ceremony performed by a minister named H. David Huntly. Dove has attached a State of Louisiana marriage certificate to her complaint. On September 4, 2020, Johnson answered Dove's complaint and filed counterclaims against Dove seeking a declaratory judgment as to the validity of the State of Louisiana marriage certificate and to bar Dove from all rights as surviving spouse of Vaughan's estate pursuant to N.C. Gen. Stat. § 31A-1.

On September 25, 2020, Dove removed to this Court a civil action filed against her by Johnson in the Superior Court for Carteret County, North Carolina. No. 4:20-CV-180-BO (E.D.N.C.). Johnson's complaint was filed pursuant to the North Carolina Uniform Declaratory Judgment Act and seeks a declaration as to the validity of Dove's marriage to Vaughan. In the alternative, Johnson seeks a declaration barring Dove from all rights as surviving spouse of Vaughan pursuant to N.C. Gen. Stat. § 31(A)-1. Johnson alleges that she is the surviving spouse of Vaughan. Johnson contends that she and Vaughan married on August 15, 2006, in Carteret

2

County, North Carolina and has attached a North Carolina marriage certificate to her complaint. Johnson alleges that they remained married until Vaughan's death.

On January 8, 2021, on motion by Dove and without opposition by Johnson, the Court consolidated the two actions, designating the second-filed action as the lead case. The parties proceeded through discovery and the instant motion for partial summary judgment followed. Also pending is Johnson's motion to strike Dove's affidavit as well as portions of Dove's statement of material facts filed in opposition to Johnson's motion.

DISCUSSION

I.  Motion to strike

At the outset, the Court considers Johnson's motion to strike. Johnson has moved to strike Dove's affidavit and portions of Dove's statement of material facts filed in opposition to Johnson's motion for partial summary judgment. Under Federal Rule of Civil Procedure 56(c)(4), affidavits must be made on "personal knowledge, set[ting] out facts that would be admissible in evidence, and show[ing] that the affiant is competent to testify on the matter stated." Affidavits should not contain legal or factual argument. In resolving a motion to strike, the Court should use "a scalpel, not a butcher knife" to strike portions of an affidavit that do not satisfy these requirements. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (internal citations omitted).

Johnson contends that Dove's affidavit and portions of her statement of material facts are sham filings. "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) (quoting *Perma Research and Development Co. v. Singer*, 410 F.2d 572, 578 (2d Cir.1969)). "Even under more generous

3

articulations of the sham affidavit rule, litigants must explain subsequent inconsistent statements in an affidavit in order to avoid the rule." *Adefila v. Davita, Inc.*, No. 1:13CV940, 2015 WL 268983, at *5 (M.D.N.C. Jan. 20, 2015).

Dove's affidavit and paragraphs five, six, and eighteen of her statement of material facts are not subject to the sham affidavit rule, which, at this stage, "'must be carefully limited to situations involving flat contradictions of material fact.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 528 (D. Md. 2014) (quoting *Mandengue v. ADT Sec. Sys., Inc.*, No. ELH–09–3103, 2012 WL 892621, at *18 (D.Md. Mar. 14, 2012)). Johnson contends, for example, that Dove's reference to H. David Huntly as a "minister" in her affidavit contradicts her deposition testimony that she had no information as to whether H. David Huntley was a priest, minister, rabbi, or clerk of any religion. Huntly is referenced on the Louisiana marriage certificate as a minister. Johnson has not identified a "flat contradiction" and the Court will not apply the sham affidavit rule.

Johnson next asks the Court to strike Dove's references to phrases such as "marriage ceremony," "lawful marriage," and "spouse" in her affidavit and statement of material facts as inadmissible conclusions. The issue in this case is, as Johnson argues, whether a valid marriage between Dove and Vaughan existed, however, the Court does not consider Dove's statements as conclusions as to the issue in the case. Indeed, Johnson's own affidavit makes the same references to a "marriage ceremony" and having been "married." The motion to strike on this ground is denied.

Finally, Johnson moves to strike portions of Dove's affidavit and statement of material fact as hearsay. Dove contends that she has offered these statements not for the truth of the matter asserted or that an exception to the hearsay rule applies. The Court has considered the motion and,

4

in light of its ruling below, determines that it need not address these specific arguments at this stage as they are better addressed at trial.

Accordingly, Johnson's motion to strike is denied in part and denied without prejudice in part.

II.  Motion for partial summary judgment

Johnson has moved for summary judgment on claims one through three of Dove's complaint, which contain Dove's claims for declaratory relief under ERISA, to recover benefits under ERISA, and for attorney fees under ERISA.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or

conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Both parties agree that "this case is ultimately about who is the surviving spouse" of Vaughan Johnson. *See* [DE 50 p.1]. The parties further agree that, in North Carolina, the standard for determining whether a marriage is valid when there is a second marriage was most recently examined in *Mussa v. Palmer-Mussa*, 366 N.C. 185, 185 (2012). The North Carolina Supreme Court in *Mussa* relied on two principles applicable to disputes such as this: first, "when the existence of a second marriage is established before the finder of fact, the second marriage is presumed valid until the '*attacking party*' demonstrates that the second marriage is invalid" and, second, "the attacking party cannot rely on the presumption favoring the continuation of a prior marriage to satisfy its burden because . . . the presumption favoring the continuation of the prior marriage, if applicable, must yield to the presumption favoring the second marriage." *Id.* at 192 (emphasis in original) (internal quotation and citation omitted).

Johnson contends first that, based upon evidence of Johnson and Vaughan's co-habitation, marital reputation, and the existence of a legal marital ceremony, the Court must presume that Johnson's marriage to Vaughan was valid. Johnson contends that the burden then shifts to Dove to prove that the presumption favoring the second marriage should be upset. Johnson argues that Dove cannot establish a valid prior marriage, and that her claims must therefore fail.

Even assuming, without deciding, that Johnson has come forward with sufficient facts to show that her marriage to Vaughan was valid, genuine issues of material fact prevent a determination at this stage as to whether Dove's alleged prior marriage was valid and whether, if valid, it ever ended in dissolution. Dove's State of Louisiana marriage certificate and affidavit,

notwithstanding Johnson's hearsay objections, are sufficient to require the issue to be submitted to a jury. The motion for partial summary judgment must therefore be denied.

## CONCLUSION

Accordingly, for the foregoing reasons, Johnson's motion for partial summary judgment [DE 35] is DENIED. Johnson's motion to strike [DE 46] is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART.

The clerk is DIRECTED to refer this matter to the assigned United States Magistrate Judge, Robert B. Jones, Jr., to conduct a pretrial conference at the magistrate judge's convenience. The pretrial conference and proceedings shall address and make a recommendation to the undersigned as to whether the case should remain consolidated for trial, taking into consideration matters of efficiency and judicial economy as well as the risk of confusion of the issues by a jury.

SO ORDERED, this 18 day of October 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE